IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARVEY RISHIKOF,<br>As personal representative of the estate of<br>　　TRUDITH N. RISHIKOF, deceased,<br><br>　　Plaintiff,<br><br>v.<br><br>KAMAL MORTADA, et. al.<br><br>　　Defendants | Case No.:  1:11-cv-02284 - RWR |

**JOINT REPORT FILED PURSUANT TO COURT ORDER, TO LOCAL RULE 16.3(D),
AND TO RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 16.3(d) of the Rules of United States District Court for the District of Columbia, and to Rule 26(f) of the Federal Rules of Civil Procedure, the parties hereby file this joint report.

**A.**　**Conference of Counsel**

On May 11, 2012, undersigned counsel conferred in person at the offices of plaintiff's counsel regarding matters set forth in Rule 16.3(c) of the Rules of United States District Court for the District of Columbia, Rule 26(f) of the Federal Rules of Civil Procedure, and in this Joint Report.

**B.**　**Agreements and Positions Regarding Matters Set Forth in Rule 16.3(c)**

　　1.　<u>Dispositive motions</u>.  Defendant has answered the complaint and no dispositive motion has been filed.  The parties do not believe that this case is one that is likely to be decided in its entirety by dispositive motion.

　　2.　<u>Date for adding parties, amending pleadings, and/or narrowing issues</u>.  An agreed

upon date for adding parties and amending pleadings is set forth in the attached proposed scheduling order (See Exhibit 1 hereto).  The parties believe that the issues in this case will be narrowed somewhat during discovery but cannot at this time supply a date for such narrowing, other than at the pretrial conference.

3. <u>Assignment to a magistrate judge</u>.  The parties agree to mediation and adjudication of any discovery disputes with a magistrate, but respectfully request that the Court adjudicate the case on the merits.

4. <u>Whether settlement is a realistic possibility</u>.  The parties agree that they will engage in good faith efforts to settle the case, but believe that such efforts are unlikely to be productive until the Metropolitan Police Department has released evidence gathered as part of their investigation and/or appropriate discovery has been conducted.

5. <u>The Role of ADR</u>.  The parties are open to participation in mediation, whether through court-appointed mediators or private mediation, but believe that such efforts are unlikely to be productive until the Metropolitan Police Department has released evidence gathered as part of their investigation and/or appropriate discovery has been conducted.

6. <u>Summary judgment</u>.  The parties do not believe that the case is likely to be decided in its entirety by summary judgment.  However, the parties reserve the right to file such motions, and an agreed-upon deadline for filing such motions is set forth in the attached proposes scheduling order (See Exhibit 1 hereto).

7. <u>Initial Disclosures</u>.  The parties agree to make initial disclosures as required by Rule 26(a)(1) on or before  June 15, 2012, to the extent such information is within

the possession, custody or control of the parties, and to timely supplement such disclosures as discovery proceeds.

8. <u>Extent, scope and duration of discovery</u>. The parties anticipate cooperatively participating in discovery. The parties intend to serve written discovery, issue third party subpoenas, and take depositions. Plaintiff's efforts in discovery will be directed primarily (and without prejudice to discovery on other topics) at: (1) the October 6, 2011 accident resulting in Trudith Rishikof's death, and (2) investigations of that accident, including any investigation that defendant performed or participated in.. Defendant's efforts in discovery will be directed at plaintiff's evidence on issues of liability and damages.

9. <u>Expert disclosures and depositions</u>. The parties agree to identify experts in conformity with Rule 26(a)(2)(A) and to exchange expert reports in conformity with Rule 26(a)(2)(B) as set forth in the attached proposed scheduling order. The parties reserve the right to depose any witness proffered to give expert testimony.

10. <u>Class actions</u>. Not applicable.

11. <u>Bifurcation</u>. The parties agree that bifurcation is not appropriate.

12. <u>Date for Pretrial Conference and trial date</u>. Because the Metropolitan Police Department has not yet released the information from its investigation of the October 6, 2011 accident that killed Trudith Rishikof, the parties do not believe that it would be advisable to set the Pretrial Conference or trial date at this time.

13. <u>Other matters</u>. The parties have agreed to the attached scheduling order based on the assumption that the Metropolitan Police Department (MPD) will make the file

from its investigation of Mrs. Rishikof's death available in a reasonably prompt manner.  The parties anticipate that the MPD file could contain factual information that could trigger the need for further discovery.  If that file is not released promptly, the parties may not have immediate access to certain information, including the identities of some witnesses, photographs taken at the scene following the accident, and measurements taken by the investigating officer(s).  Further, it is the parties' understanding that even after the investigation is completed by the police, the United States Attorneys' Office must determine whether criminal charges should be filed against the defendant's operator.  The defendants may at the appropriate time file a Motion to Stay the civil case pending resolution of the criminal investigation or any resultant criminal charges (plaintiff reserves the right to oppose such relief).   The parties have proposed the discovery schedule reflected in Exhibit 1, assuming that the U.S. Attorney's Office declines to proceed with criminal charges and that the MPD and the U.S. Attorney's Office releases the entirety of its investigative files in a timely manner.  In the event the police department does not, in spite of compulsive process, release its investigative file in manner that allows for completion of discovery on the schedule set forth in Exhibit 1, the parties will approach the Court to seek modifications of the schedule.

**C.   Proposed Scheduling Order**

A proposed Scheduling order is attached as Exhibit 1.

        Respectfully submitted,

        /s/ Robert F. Muse_____
        Robert F. Muse - #166868
        rmuse@steinmitchell.com
        Denis C. Mitchell - #MD26510
        dmitchell@steinmitchell.com
        STEIN, MITCHELL & MUSE, LLP
        1100 Connecticut Ave., N.W., 11th Floor
        Washington, D.C.  20036
        (202)  737-7777
        Attorneys for plaintiffs


        /s/ Thomas C. Hill
        Thomas C. Hill - # 242974
        thomas.hill@pillsburylaw.com
        Stephan E. Becker - # 366676
        stephan.becker@pillsburylaw.com
        Pillsbury Winthrop Shaw Pittman LLP
        2300 N Street, N.W.
        Washington, D.C. 20037
        (202) 663-8000
        *Counsel for Defendants Swiss Confederation and Kamal Mortada*


        /s/ Charles A. Arcodia
        Charles A. Arcodia - #432334
        'carcodia@legal-org.com'
        300 Redland Court, Suite 308
        Owings Mills, Maryland 21117
        410-363-1642
        *Counsel for Defendant Swiss Confederation*

**CERTIFICATE OF SERVICE**

    I certify that on May 15, 2012, a copy of the foregoing Joint Report was served electronically through ECF to:

        Thomas C. Hill, Esq.
        Stephan E. Becker, Esq.
        Pillsbury Winthrop Shaw Pittman LLP
        2300 N Street, N.W.
        Washington, D.C. 20037

        Charles A. Arcodia, Esq.
        300 Redland Court
        Suite 308
        Owings Mills, MD 21117

        /s/ Robert F. Muse_____
        Robert F. Muse - #166868
        Denis C. Mitchell  - # MD26510